UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TYEST SHAREL WESTLEY | CIVIL ACTION |
| VERSUS | NO: 14-1410 |
| PROGRESSIVE SPECIALTY INSURANCE CO., ET AL | SECTION: J(2) |

## ORDER AND REASONS

Before the Court is a *Motion to Remand* **(Rec. Doc. 7)** filed by Plaintiff, Tyest Sharel Westley ("Plaintiff"), and an *Opposition* **(Rec. Doc. 14)** by Defendant, Progressive Specialty Insurance Company ("Progressive"), as well as a *Motion to Sever and Remand* (**Rec. Doc. 13**) filed by Progressive and Plaintiff's *Opposition* (**Rec. Doc. 15**). Having considered the motion, the parties' submissions, the record, and the applicable law, the Court finds, for the reasons expressed below, that Plaintiff's *Motion to Remand* be **DENIED** and that Progressive's *Motion to Sever and Remand* be **GRANTED**.

**PROCEDURAL AND FACTUAL BACKGROUND**

Plaintiff alleges that on May 18, 2013 she borrowed from her father, Defendant Malcolm Westley ("Malcolm"), a 2000 Ford F-250 pickup truck, which he owned. Although the truck contained an insurance card that facially indicated that the Ford 250 was insured, and which Plaintiff alleges she inspected, Malcolm never

1

advised Plaintiff that the insurance policy referenced on the card had lapsed and that on May 18, 2013 the vehicle was uninsured.

Plaintiff, who was approximately five months pregnant on May 18, 2013, proceeded to drive the F-250 South on Highway LA 24 in the left-hand lane. Plaintiff alleges that Defendant Terrance L. Bowie ("Bowie") who was operating an 18-wheeler owned by Defendant Bowie Farms & Trucking LLC ("Bowie Farms") abruptly attempted to turn left from LA 24's right-hand lane, colliding with the F-250 operated by Plaintiff. Plaintiff was transported to Terrebone General Hospital by ambulance for injuries sustained during the collision.

On May 12, 2014, Plaintiff filed a petition for damages in the 32nd Judicial District Court for the Parish of Terrebone against Defendants Progressive, Bowie Farms, Bowie, and Malcolm. Plaintiff alleges that Bowie's failure to remain in his lane and to ensure that the lanes could be switched prior to making a left-hand turn contributed to the collision and constitutes negligence per se as a violation of Louisiana's Motor Vehicle and Traffic Regulations, specifically La. Rev. Stat. 32:79. (Rec. Doc. 1, Ex. 1, p. 4). Plaintiff also alleges that Bowie Farms should be held severally liable under theories of negligent hiring, supervision, and training as well as vicarious liability. (Rec. Doc. 1, Ex. 1, p. 5-6). Additionally, Plaintiff seeks damages against Progressive, the insurance company that provided a liability policy covering the 18-

wheeler operated by Bowie, under Louisiana's Direct Action Statute. (Rec. Doc. 1, Ex. 1, p. 6). Against these aforementioned defendants Plaintiff seeks damages on behalf of herself and her minor child including past and future medical expenses, pain and suffering, mental anguish, and lost wages. (Rec. Doc. 1, Ex. 1, p. 7). In its defense, Progressive claims that Plaintiff's recovery should be barred or reduced in accordance with La. Rev. Stat. 32:866,[1] the "no pay, no play" statute, due to the lack of insurance coverage on the F-250. (Rec. Doc. 3, p. 3).

Finally, Plaintiff also seeks damages against her father, Malcolm, for his alleged negligent conduct in failing to maintain insurance on the F-250 and failing to advise her that the vehicle lacked insurance. Under Louisiana's "no pay, no play" statute," as a result of Malcolm's failure to maintain insurance on the F-250, Plaintiff, as the operator of an uninsured vehicle, may be precluded from recovering the first $15,000 of bodily injury damages she seeks against Progressive and the other defendants. (Rec. Doc. 7, p. 1). Plaintiff claims that Malcolm should be held liable to indemnify her for the amount she is precluded from recovering against the defendants as a result of this alleged

---

[1] La. R.S. 32:866, widely recognized as the "no pay, no play" statute, provides that "[t]here shall be no recovery for the first fifteen thousand dollars of bodily injury and no recovery for the first twenty-five thousand dollars of property damage based on any cause or right of action arising out of a motor vehicle accident, for such injury or damages occasioned by an owner or operator of a motor vehicle involved in such accident who fails to own or maintain compulsory motor vehicle liability security." La. Rev. Stat. Ann. § 32:866(A)(1) (2010).

negligent conduct. (Rec. Doc. 1, Ex. 1, p. 7).

On June 18, 2014, Defendant removed the action to this Court based on diversity jurisdiction.

**PARTIES' ARGUMENTS**

Plaintiff argues that this entire matter should be remanded to state court for lack of complete diversity among the parties. Both Malcolm and Plaintiff are citizens of Louisiana, making diversity jurisdiction improper. Plaintiff further contends that joinder of Malcolm as a defendant is proper both because she has a valid claim against Malcolm and also because the claim is sufficiently related to her claims against the other defendants.

Progressive, in both its motion to sever and remand as well as its opposition to Plaintiff's motion, rejects Plaintiff's assertion that the entire matter should be remanded, and instead, argues that Plaintiff's claim against Malcolm should be severed and remanded based on two contentions. First, because Plaintiff has no valid cause of action against Malcolm that would yield a possibility of recovery, and second, because Plaintiff's claim against Malcolm is not sufficiently related to the other claims so as to make joinder appropriate.

**A. Improper Joinder**

Plaintiff contends that she has a valid claim against Malcolm under a theory of negligence on the basis that Malcolm owed her a duty to maintain insurance coverage on the Ford F-250 and to advise

4

her of any existing deficiencies in the coverage at the time she borrowed the vehicle. By failing to renew the insurance policy and by also failing to notify Plaintiff that the car lacked insurance coverage at the time she borrowed it, Plaintiff asserts that Malcolm breached this duty, which may ultimately result in her preclusion from recovering damages under the "no pay, no play" statute. Plaintiff relies entirely on the case of *Costly v. Batiste*,[2] which she interprets to hold that when a person makes a "good faith effort" to ensure a vehicle which she operates is insured, and subsequent to an accident determines it is uninsured, she may still recover despite the "no pay, no play" statute against "the person that precluded [her] from recovering." (Rec. Doc. 7, p. 6). Plaintiff contends that she made a "good faith effort" to ensure the F-250 was insured at the time she borrowed it by "inspect[ing] the insurance card in the vehicle," and that Malcolm never informed her otherwise. (Rec. Doc. 7, p. 5). Plaintiff asserts that her conduct is sufficient to prove that Malcolm must indemnify her for any amount she may be precluded from recovering against Progressive under the "no pay, no play" statute, because he

---

[2] In *Costly*, the plaintiff driver attempted to purchase automobile insurance; he paid approximately $400 to purchase a policy and was provided with an insurance card. *Costly v. Batiste*, 802 So.2d 752, 754 (5th Cir. 2001). On that same day, plaintiff was in a car accident, subsequent to which he was informed that the insurance policy he believed he had purchased was never made effective. *Id.* Plaintiff then filed a claim seeking damages against this insurance company, to which the insurance company raised the "no pay, no play" statute as an affirmative defense. *Id.* In denying the insurance company's motion for summary judgment, the Fifth Circuit found that because the plaintiff had acted in "good faith" to obtain insurance, questions of material facts remained regarding whether his claim against his insurance company was viable. *Id.*

5

breached his duty to inform her of the F-250's lack of insurance coverage.

Progressive argues that Plaintiff's claim against Malcolm is fraudulent because Plaintiff joined Malcolm as "the only non-diverse Defendant in this matter . . . . solely for the purpose of defeating diversity jurisdiction." (Rec. Doc. 14, p. 1). Progressive first asserts that based on the clear language of the "no pay, no play" statute, the duty to insure the vehicle fell both to Malcolm, as owner, and Plaintiff, as operator of the vehicle. Progressive next contends that there is no basis in Louisiana law for imposing a duty on Malcolm to "explain the parameters of the insurance coverage on the vehicle he allowed [Plaintiff] to borrow or to 'advise her' that the vehcile [sic] did not have insurance on the date of the accident." (Rec. Doc. 14, p. 5). Progressive further argues that Plaintiff provided no legal support for the existence of the alleged duty, and that the Fifth Circuit's opinion in *Costly* is inapplicable to the matter at hand because it is merely dicta in a summary judgment ruling. (Rec. Doc. 14, p. 8). Because of this alleged lack of legal basis and the impossibility of any potential recovery by Plaintiff, Progressive contends that Plaintiff's claim against Malcolm should be severed from the matter at hand and remanded.

**B. Severance**

Plaintiff contends that her claim against Malcolm was properly

joined to her claims against the other defendants in this matter under Article 463 of the Louisiana Code of Civil Procedure and should not be severed. Plaintiff argues that the claim is "deeply legally and factually intertwined with her cause of action against Progressive," both because it arises out of the same transaction as the other claims (the automobile accident), and because the claims share common legal and factual issues. (Rec. Doc. 7, p. 7). Furthermore, Plaintiff asserts that Malcolm's liability is entirely dependent on a finding of the other defendants' liability; if Progressive and its insureds are not found liable for causing the accident, then Malcolm will face no liability. (Rec. Doc. 15, p. 5). As such, Plaintiff asserts that requiring two separate trials would "result in piecemeal litigation" and would be counterintuitive to concepts of judicial efficiency. (Rec. Doc. 15, p. 2).

Progressive argues that even if Plaintiff's claim against Malcolm is not found fraudulent, it should be severed and remanded because it was improperly joined under Federal Rule of Civil Procedure 20.[3] Progressive contends that the claim against Malcolm and the claims against the remaining defendants arise out of two separate and distinct occurrences; the claim against Bowie arises

---

[3] Defendant notes in its opposition that this Court has found "no substantive difference between Rule 20 of the Federal Rules of Civil Procedure and Article 463 of the Louisiana Code of Civil Procedure." See *Defourneaux v. Metro. Prop. & Cas. Ins. Co.*, No. 06-3809, 2006 U.S. Dist. LEXIS 67031 at *2 (E.D. La. Aug. 30, 2006) (Feldman, J.).

out of the automobile accident, while the claim against Malcolm arises out of his failure to advise Plaintiff of the F-250's lack of insurance coverage. (Rec. Doc. 14, p. 11). Further, Progressive argues that the claims do not overlap in either fact or law; Plaintiff's negligence claim against Malcolm turns upon "fraudulent representations and conversations with her father," whereas her claim against Progressive centers around "motor vehicle laws [and] medical causation." (Rec. Doc. 14, p. 11). As such, Progressive contends that the claims are "two wholly separate causes of action" and Plaintiff's joinder of the claim against Malcolm to the current matter is not appropriate. (Rec. Doc. 14, p.11).

## LEGAL STANDARD

Generally, a defendant may remove a civil action filed in state court if a federal court would have had original jurisdiction. *See* 28 U.S.C. § 1441(a). Original diversity jurisdiction is appropriate where the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a)(1). A defendant can remove a state action to federal court based on original diversity jurisdiction unless a properly joined defendant is a citizen of the state where the action was brought. 28 U.S.C. § 1441(b). The removing party bears the burden of establishing that federal jurisdiction exists at the time of removal. *DeAguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). Ambiguities are construed against removal and in favor of

remand, because removal statutes are to be strictly construed. *Manguno v. Prudential Prop. & Cas. Ins.*, 276 F.3d 720, 723 (5th Cir. 2002).

**DISCUSSION**

**A. Improper Joinder**

There are two ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). When there is no allegation of actual fraud, the test for improper joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant. *Id.* A mere theoretical possibility of recovery is not sufficient to preclude a finding of improper joinder. *Id.* A court should ordinarily resolve the issue by conducting a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendants. *Id.* Where a plaintiff has stated a claim, but has misstated or omitted discrete and undisputed facts that would preclude recovery, the Court may, in its discretion, pierce the pleadings and conduct a summary inquiry. *Id.* at 573-74.

In order for a cause of action to survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to "state

a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court "must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party." *In re Southern Scrap Material Co.*, LLC, 541 F.3d 584, 587 (5th Cir. 2008). Here, Progressive contends that Plaintiff did not present a valid claim of negligence against Malcolm and that Plaintiff cannot prevail under any other theory of liability.

In all claims of negligence, plaintiffs are required to prove the following elements:

> "(1) the defendant had a duty to conform his or her conduct to a specific standard of care; (2) the defendant failed to conform his or her conduct to the appropriate standard; (3) the defendant's substandard conduct was the cause-in-fact of the plaintiff's injuries; (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries; and (5) actual damages."

*Melancon v. Louisiana Office of Student Fin. Assistance*, 567 F.Supp. 2d 873 (E.D. La. 2008) (Barbier, J.). Plaintiff's complaint alleges that the duty owed to her by Malcolm required him both to insure the F-250 and to advise her if the vehicle was lacking insurance, and his failure to perform either act caused her to be precluded from recovering against the remaining defendants under

the "no pay, no play" statute. (Rec. Doc. 1, Ex. 1, p. 7). However, while Louisiana law has recognized that owners of vehicles have a general duty to obtain a minimum level of insurance on their vehicles, as evident by the "no pay, no play statute," Plaintiff has provided no legal support to show that Malcolm owed her this duty personally. Moreover, Plaintiff has failed to sufficiently prove that Louisiana law imposes a duty on owners of vehicles to advise operators when the vehicle lacks adequate insurance coverage. Plaintiff's allegation that *Costly* stands for the proposition that a person who makes a "good faith effort" to obtain insurance has a cause of action for indemnification against the entity or individual who precludes the sought insurance policy from being created is both misguided and irrelevant to the factual circumstances of the present matter. In caselaw subsequent to *Costly*, Louisiana courts have definitively stated that no "good faith exception" to the "no pay, no play" statute exists. *Carrion v. Sandifer*, 40,880 (La. App. 1 Cir. 4/12/06); 926 So.2d 784, 788. As such, Plaintiff's act in inspecting the insurance card in the F-250 prior to operating the vehicle, even if determined to be a "good faith effort" to ensure the car was insured, in no way affects the viability of her claim against Malcolm.

Furthermore, even if Louisiana courts did recognize a good faith exception to the "no pay, no play" statute, this does not support Plaintiff's argument that the owner of a vehicle has a duty

11

to any operator of that car to divulge any deficiencies in insurance coverage. In *Costly*, the Fifth Circuit ruled only that the plaintiff may have a viable claim against his insurance company. *Costly*, 802 So.2d at 754. Louisiana courts have recognized that insurance companies have a legal duty to supply truthful information to their insured. *French Market Plaza Corp. v. Sequoia Ins. Co.*, 480 F.Supp. 821, 824-25 (E.D. La. 1979). However, rather than bringing a claim against her own insurance company, Plaintiff has sued her father, the owner of the car. Louisiana courts have not imposed a similar heightened duty on individual car owners to be truthful regarding the status of their vehicle's insurance coverage, and Plaintiff has provided no additional support to prove that such a duty exists.

Because Plaintiff has not proven that Malcolm owed Plaintiff any duty to disclose the F-250's inadequate insurance coverage, she has failed to show any possibility of relief under a claim of negligence or any other legal theory. As such, she lacks a valid cause of action against Malcolm and the joinder of this claim is determined to be improper.

### B. Severance

A district court has broad discretion to sever claims before it. *Brunet v. United Gas Pipeline Co.*, 15 F.3d 500, 505 (5th Cir. 1994); Fed. R. Civ. P. 21 (West 2007). Severance may be conducted in

accordance with Federal Rule of Civil Procedure 21 which provides that "any claim against a party may be severed and proceeded with separately." FED. R. CIV. P. 21; *E. Cornell Malone, Corp. v. Sisters of the Holy Family, st. Mary's Academy of the Holy Family*, 922 F.Supp.2d 550, 561 (E.D. La. 2013). In determining whether to sever claims, the district court may consider several factors, including: (1) "whether the claims arose out of the same transaction or occurrence"; (2) "whether the claims present common questions of law or fact"; (3) "whether settlement of judicial economy would be promoted"; (4) "whether prejudice would be averted by severance"; and (5) "whether different witnesses and documentary proof are required." *David v. Signal Int'l, LLC*, No. 08-1220, 2013 WL 5740318, at *2 (E.D. La. Oct. 22, 2013) (Morgan, J.). Additionally, an "important consideration" for district courts in determining whether severance is appropriate is whether a potentially severable claim has been fraudulently joined to attempt to defeat diversity jurisdiction. *Defourneaux v. Metropolitan Property and Cas. Ins. Co.*, No. 06-3809, 2006 WL 2524165, at *1 (E.D. La. Aug. 20, 2006) (Feldman, J.).

Even if Plaintiff may have a legal basis for her claim against Malcolm, this claim lacks a sufficient relation to the other claims in this matter to be considered properly joined. Plaintiff's claim for negligence against Malcolm arises from Malcolm's actions prior to the accident that occurred on May 18, 2014, namely his failure

13

to advise her of the F-250's lack of insurance. In contrast, Plaintiff's claims against the remaining defendants which comprise the bulk of this lawsuit concern the alleged negligent actions immediately causing the accident. As such, the claims do not arise out of same transaction or occurrence, as alleged by Plaintiff, but instead concern two distinct events.

This Court has not required that claims against joined parties share all questions of law and fact, and has instead held that joinder may be appropriate so long as there "be at least one common question of law or fact." *Guedry v. Marino*, 164 F.R.D. 181 (E.D. La. 1995) (Jones, J.). However, when claims against defendants are based entirely on distinct legal theories with only a distant factual overlap, this Court has held joinder to be inappropriate. *Berthelot v. Boh Brothers Construction Co., L.L.C.*, No. 05-4182, 2006 WL 1984661 at *12 (E.D. La. June 1, 2006). For instance, in *Berthelot*, despite the fact that the plaintiff's claims against all defendants arose out of the flooding of the 17th Street Canal in the aftermath of Hurricane Katrina, this Court held that claims against one defendant based in negligence had "virtually no relation" to claims against other "insured defendants" resting on contract interpretation. *Id.* Thus, the fact that two claims may share a loose connection to one act is not always sufficient to make joinder of those claims proper. Here, contrary to Plaintiff's allegations, the mere fact that her claims against Malcolm and the

14

other defendants both derive in some way from Plaintiff's car accident with Bowie does not present a sufficient relation of fact and law for joinder to be appropriate. Here, like in *Berthelot*, there are no issues of law common to both claims. Plaintiff's claim against Malcolm rests entirely on his alleged negligence in failing to advise her of the F-250's deficient insurance coverage, whereas Plaintiff's claims against Bowie, Bowie Farms, and Progressive deal entirely with distinct causes of action, including Bowie's alleged negligence per se in failing to abide by state traffic regulations. Additionally, the issues of fact determinative in Plaintiff's claim against Malcolm have no impact or relation to those at issue in her claims against Bowie and the remaining defendants. The distinctions between these claims necessitate both different witnesses as well as different evidence. Evidence concerning Plaintiff's claim against Malcolm will lie in conversations between Plaintiff and Malcolm and the extent of Malcolm's disclosure of the deficiencies in the insurance coverage. On the other hand, the remaining claims must be decided based on entirely different evidence, such as witnesses present at the time of the accident as well as Bowie's own testimony.

Furthermore, contrary to Plaintiff's contentions, consolidating these two distinct claims does not promote judicial economy. While district courts are directed to take a liberal approach to joinder when this would be in the best interest of

15

judicial economy, this Court has recognized that severance is appropriate when "any practical benefit accrued through the conservation of judicial resources will be outweighed by the burden imposed . . . in defending multiple claims, with different factual scenarios, in one trial." *Campo v. State Farm Fire and Cas. Co*, No. 06-2611, 2007 WL 2155792 at *3 (E.D. La. July 26, 2007) (Fallon, J.) (quoting *Rohr v. Metropolitan Insurance & Cas. Co.*, No. 06-10511, 2007 WL 163037 at *2 (E.D. La. Jan 17, 2007) (Feldman, J.). Here, the burden imposed on this Court and the individual defendants resulting from the use of different evidence and witnesses to support each claim greatly outweighs any benefit of efficiency that may be achieved through the joinder of Plaintiff's claim against Malcolm to this matter. Finally, Plaintiff does not contend, nor do the facts indicate, that any prejudice would result to the parties as a result of the Court's severance of this claim.

Because Progressive has shown that there is no sufficient relation between Plaintiff's claim against Malcolm and the other claims comprising the lawsuit so as to warrant joinder, the claim against Malcolm should be severed.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's *Motion to Remand* **(Rec. Doc. 7)** is **DENIED.**

**IT IS FURTHER ORDERED** that Progressive's *Motion to Sever and Remand* (**Rec. Doc. 13**) is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's claim against Malcolm Anthony Westley be severed from the matter at hand and be remanded to the 32nd Judicial District Court for the Parish of Terrebone.

New Orleans, Louisiana this 10th Day of September, 2014.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE